IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **James L. "Jimmy" Cooper, III**, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, <br><br> Defendant. | Case No. 1:20-cv-01312-ELR <br><br> **Plaintiffs' Motion for Summary Judgment** |

The plaintiffs respectfully move the Court for summary judgment based on this Court's ruling on the plaintiffs' motion for a preliminary injunction. (ECF 29.)

## Background

This is an action challenging Georgia's ballot-access requirements for independent and third-party candidates in light of the public health emergency caused by the novel coronavirus. The plaintiffs are two third-

party candidates for United States Representative and the Georgia Green Party. They allege that, under these circumstances, Georgia's ballot-access restrictions unconstitutionally burden their rights under the First and Fourteenth Amendments to the U.S. Constitution, and they seek declaratory and injunctive relief pro-rating the number of petition signatures required for the 2020 general election.

The plaintiffs filed a motion for a preliminary injunction in early May. After a hearing, the Court granted the motion in part after determining, among other things, that the plaintiffs "have shown a substantial likelihood of success" on their claim. (ECF 29 at 19.) As a remedy, the Court issued a preliminary injunction reducing Georgia's petition-signature requirements for the 2020 election by 30 percent. (ECF 29.) The preliminary injunction effectively gave the plaintiffs all of the injunctive relief they sought. (ECF 1 ¶2.) Neither party has appealed that ruling, and the time for an appeal has now expired.

Although the election has not yet taken place, all that remains of the plaintiffs' claims is their request for a declaratory judgment "that, in light of the current public health emergency caused by the novel coronavirus, Georgia's ballot-access laws for independent and political-body candidates for President of the United States and U.S.

2

Representatives violate rights guaranteed by the First and Fourteenth Amendments to the U.S. Constitution, as enforced by 42 U.S.C. § 1983." (ECF 1 at 18.)

The preliminary-injunction order sets out the Court's findings of facts and conclusions of law in some detail. None of the materials facts upon which the Court relied were at all disputed. Rather than repeat those facts here, the plaintiffs incorporate the facts as set out by the Court. A statement of undisputed material facts is also attached to this motion.

**Legal Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). A dispute about a material fact is genuine if the evidence would allow a reasonable

jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether to grant or deny summary judgment, the court's role is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. *Id.* at 249. In doing so, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## Discussion

The Court should grant summary judgment for the reasons set out in part II.A. of its order on the plaintiffs' motion for a preliminary injunction. (ECF 29 at 8-20.) There, the Court applied the well-established balancing test set forth in *Anderson v. Celebrezze*:

> First, a court must evaluate the character and magnitude of the asserted injury to rights protected by the First and Fourteenth Amendments. Second, it must identify the interests advanced by the State as justifications for the burdens imposed by the rules. Third, it must evaluate the legitimacy and strength of each asserted state interest and determine the extent to which those interests necessitate the burdening of the plaintiffs' rights.

4

*Bergland v. Harris*, 767 F.2d 1551, 1553-54 (11th Cir. 1985) (paraphrasing *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983)); *accord Cowen v. Ga. Sec'y of State,* 960 F.3d 1339, 1342 (11th Cir. 2020). Applying that test to the facts of this case—none of which are disputed—the Court concluded that the burden on the plaintiffs' constitutional rights under these circumstances "is not justified by the State's asserted interests and its chosen means of preserving them." (ECF 29 at 19). Accordingly, the Court ruled that the plaintiffs were likely to succeed on their constitutional claim. (*Id.*)

The same analysis applies now. The facts remain undisputed. The legal framework has not changed. The Court should once again conclude that Georgia's ballot-access laws impose an unjustified and therefore unconstitutional burden on the plaintiffs' rights under present circumstances.

## Conclusion

For the foregoing reasons, the Court should grant the plaintiffs' motion for summary judgment.

Respectfully submitted this 21st day of August, 2020.


**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the forgoing PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT was prepared in 13-point Century Schoolbook in compliance with Local Rules 5.1(C) and 7.1(D).


**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, I electronically filed the foregoing PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Charlene McGowan: cmcgowan@law.ga.gov

**/s/ Bryan L. Sells**
Attorney Bar No. 635562
Attorney for the Plaintiffs
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com